FILED
2006 May-23 PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BRINKER INTERNATIONAL, INC.,** **BRINKER GEORGIA, INC., and BRINKER INTERNATIONAL PAYROLL COMPANY, L.P.,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **Civil Action No.** |
| vs. | ) ) | **5:05-CV-727-VEH** |
| **FRYMASTER/DEAN a/k/a FRYMASTER L.L.C.,** | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| **ALABAMA RESTAURANT CLEANERS, INC., ANSUL INCORPORATED, and SIMPLEXGRINNELL LP.** | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## Memorandum Opinion

This matter comes before the Court on: (1) the Motion of Third-Party Plaintiff Frymaster/Dean (hereinafter "Frymaster") Seeking Leave to file an Amended Third-Party Complaint (doc. 36); (2) the Motion of Third-Party Defendant Alabama Restaurant Cleaners (hereinafter "Alabama Cleaners") to Strike or in the Alternative Dismiss Frymaster's Third-Party Complaint (doc. 33); and (3) the Motion of Third-

Party Defendants Ansul, Incorporated (hereinafter "Ansul") and Simplex/Grinnell LP (hereinafter "Simplex/Grinnell") to Strike or in the Alternative Dismiss Frymaster's Third-Party Complaint (doc. 37)[1]. These motions have been briefed extensively and are ripe for review.

## I.   Procedural History

On March 7, 2005, Plaintiffs Brinker International, Inc., Brinker Georgia, Inc., and Brinker International Payroll Company L.P. (hereinafter referred to collectively as "Brinker") filed a Complaint against Frymaster in the Circuit Court of Madison County, Alabama. Brinker alleged claims for (1) negligence associated with the design, manufacturing, assembling, testing, and inspection of a deep fryer sold by Frymaster to Brinker for its use in Brinker's restaurant, and (2) liability, under Alabama's Extended Manufacturer's Liability Doctrine, for a manufacturing or design defect in connection with the fryer manufactured by Frymaster.

On April 6, 2005, Frymaster filed a Notice of Removal with summons and exhibits attached. On January 20, 2006, Frymaster filed a Motion for Leave to file a Third-Party Complaint against Third-Party Defendants Alabama Cleaners, Ansul,

---

[1] The Court is strictly addressing the arguments pertaining to the original Third-Party Complaint. Therefore, any arguments involving an amended complaint will not be addressed until the Court has granted Frymaster's Motion for Leave to file an Amended Complaint and the Court has given Frymaster sufficient time to respond to any arguments pertaining to the amended complaint.

and Simplex/Grinnell alleging negligence and design defect under Alabama's Extended Manufacturer's Liability Doctrine. Frymaster alleges that if it is liable to Brinker based on the allegations in Brinker's Complaint, such liability is due in part or in whole to the negligent acts, omissions, and other tortious actions of Third-Party Defendants Alabama Cleaners, Ansul, and Simplex/Grinnell. Specifically, in the event Frymaster is found liable to Brinker, Frymaster alleges a right of contribution or indemnification by all Third-Party Defendants. The Court granted the Motion for Leave to File a Third-Party Complaint and, on May 30, 2006, Alabama Cleaners filed a Motion to Strike or, in the Alternative, a Motion to Dismiss Frymaster's Third-Party Complaint. On April 11, 2006, Frymaster filed a Motion Seeking Leave to File an Amended Third-Party Complaint, which was followed by a Motion filed on April 12, 2006, by Simplex/Grinnell to Strike or, in the Alternative, Dismiss Frymaster's Third-Party Complaint.

## II.     Summary of the Case and Relevant Facts[2]

At all times relevant to this action, the Chili's restaurant (hereinafter "Chili's") located at 4925 University Drive, in Huntsville, Alabama was owned and operated by Brinker. On Sunday morning, March 9, 2003, a fire broke out in the kitchen of

---

[2]The Summary of the Case and Relevant Facts are strictly comprised of allegations set forth in the original and Third-Party Complaints.

Chili's resulting in fire and smoke damage.[3]  The fire was discovered by the police at approximately 3:25 a.m. and the local fire department arrived on the scene at approximately 3:28 a.m. Upon arrival, the fire department observed smoke and fumes billowing from the roof of the structure.  The smoke and fumes were exiting the structure from an area of the roof in the vicinity of the air vent which was located directly above the deep fryer (hereinafter "fryer").  The local fire authorities determined that the fire originated in the vicinity of the fryer. Subsequent inspections of the fire scene and the fryer confirmed that the fire in fact originated in the fryer.

Brinker purchased, caused to be installed, and operated the fryer manufactured by Frymaster[4].  Brinker caused to be installed, operated, and maintained at Chili's a kitchen fire suppression and ventilation system manufactured by Ansul and designed and installed by Simplex/Grinnell.

At the request and employ of Brinker, Alabama Cleaners was responsible for cleaning and maintaining the kitchen fire suppression and ventilation system at Chili's.  Alabama Cleaners was also responsible for cleaning and maintaining the fryer according to the recommendations set forth in the manufacturer's documentation

---

[3] According to Brinker's Complaint, the night prior to the fire, Chili's employees shut down all kitchen equipment and devices including the subject fryer.  The last two Chili's employees to exit the building left at approximately 1:45 p.m., at which time everything on the premises appeared to be normal. Complaint, p. 3.

[4] The fryer manufactured by Frymaster is the fryer from which the fire originated.

and warranty.

Frymaster has denied all allegations of defect alleged by Brinker to have proximately caused the March 9, 2003 fire. Furthermore, Frymaster alleges that, as a result of the negligence of Ansul and Simplex/Grinnell in the design, manufacture, installation, testing, inspection, and maintenance of the kitchen fire suppression and ventilation system, liability for any claims brought by Brinker against Frymaster for damages arising from the March 9, 2003 fire must pass through to Ansul and Simplex/Grinnell.

Finally, Frymaster alleges that, as a result of the negligence of Alabama Cleaners in the cleaning and maintenance of the fire suppression and ventilation system manufactured by Ansul and Simplex/Grinnell, as well as the Fryer manufactured by Frymaster, liability for any claims brought by Brinker against Frymaster for damages arising from the March 9, 2003 fire must necessarily pass through to Alabama Cleaners.

### III.    Frymaster's Motion to File an Amended Third-Party Complaint

Federal Rule of Civil Procedure 15(a) governs amended and supplemental pleadings. Rule 15(a) states that "[l]eave to amend a complaint shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992)(citing Fed. R. Civ. P. 15(a)). In determining whether to

grant or deny a motion for leave to amend a complaint, a district court may consider factors such as "undue delay, undue prejudice to the defendant," and "extended length of time". *Id.* The Court finds that, particularly because no discovery has yet been taken in the Third-Party litigation, no injustice would befall these Third-Party Defendants should this Court exercise its broad authority to freely grant leave to amend under Federal Rule of Civil Procedure 15(a). Therefore, the Court will **GRANT** Frymaster's Motion to Amend its Third-Party Complaint.

## IV. Alabama Cleaners, Ansul, and Simplex/Grinnell's Motions to Strike or, in the Alterative, to Dismiss Frymaster's Third-Party Complaint

Federal Rule of Civil Procedure 14(a) governs impleader of third-party defendants. Rule 14(a) states that, at any time after the commencement of an action, a summons and complaint may be served upon "a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff." Fed. R. Civ. P. 14(a). However, impleader is permitted "only in cases where the Third-Party's liability was in some way derivative of the outcome of the main claim." *Allstate Ins. Co. v. Hughe Cole Builder, Inc.*, 187 F.R.D. 671( M.D. Ala. 1999)(citing the Fifth Circuit[5] in *United States v. Joe Grasso*

---

[5] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209

*and Son*, 380 F.2d 749 (1967)). [6] Therefore, for impleader to be available, the third-party defendant must be liable *secondarily* to the original defendant in the event he later is found liable to the plaintiff (emphasis added). *Id*. Accordingly, to survive a motion to dismiss, it is critical that in its complaint, a third-party plaintiff clearly articulate the derivative liability that exists based on the facts of the case.

In the present matter, the Third-Party Defendants argue that Frymaster has merely asserted conclusory allegations of liability and that the Complaint contains no allegations that the Third-Party Defendants were involved in any conduct giving rise to the main claim. It is their position that Frymaster has failed to allege any claim that could give rise, under Alabama law, to derivative liability and, therefore, the Complaint should be dismissed. However, Rule 15 explicitly states that leave to amend a complaint *shall be freely given when justice so requires* (emphasis added). The Court finds that because the Third-Party Defendants would experience limited, if any, inconvenience if the Third-Party Plaintiffs were permitted to file an amended third-party complaint, the fair administration of justice compels the Court to permit such a filing. It is for this reason that Frymaster's Motion for Leave to Amend its Third-Party Complaint (doc. 36) is due to be **GRANTED** in favor of Frymaster.

---

[6] "An entirely separate and independent claim cannot be sustained against a third party under Fed. R. Civ. P. 14(a) even though it arises out of the same general set of facts as the main claim." *Allstate*, 187 F.R.D.at 673 ( M.D. Ala. 1999).

Accordingly, the Motions of Alabama Cleaners (doc. 33), Ansul (doc. 37), and Simplex/Grinnell (doc. 37) to Strike the Third-Party Complaint or, in the Alternative to Dismiss are due to be **DENIED WITHOUT PREJUDICE**.

A separate **ORDER** will be entered.

**DONE** this 23rd day of May, 2006.

                                                                                    _____
                                                                                    **VIRGINIA EMERSON HOPKINS**
                                                                                    United States District Judge